```
                UNITED STATES DISTRICT COURT
                 MIDDLE DISTRICT OF FLORIDA
                     FORT MYERS DIVISION
```

UNITED STATES OF AMERICA

VS.                                    CASE NO: 2:13-cr-55-JES-NPM

JAMES FRANKLIN BROOMFIELD,
JR.
_____

## OPINION AND ORDER

This matter comes before the Court on defendant's Motion to Reduce Sentence Pursuant to 18 U.S.C. 3582(c)(1)(A)(i) (Doc. #94) filed on May 23, 2024. The government filed a Response in Opposition (Doc. #95) on May 31, 2024. For the reasons stated below, the motion is denied.

On May 1, 2013, a grand jury in Fort Myers, Florida returned an Indictment (Doc. #1) charging defendant with being in possession of a firearm and ammunition after having been convicted of several felonies, including possession of cocaine with intent, the sale/delivery and possession of cocaine within 1,000 of a school, and sell/man/del and possession of cocaine within 200 feet of public housing, in violation of 18 U.S.C. § 922(g)(1) and 18 U.S.C. § 924(e). On September 5, 2013, a jury returned a Verdict of guilty as to both the AR-15 rifle and the PMC 223A ammunition. (Doc. #50.) The statutory penalty was a minimum term of imprisonment of 15 years to life. With a criminal history category of IV, defendant's guideline range was 188 months to 235 months of

imprisonment. (Doc. #59 at 73-74.) On December 16, 2013, defendant was sentenced to a below-Guidelines sentence of 180 months incarceration followed by a five-year term of supervised release. (Doc. #60.) On March 26, 2018, the Court denied relief under 28 U.S.C. § 2255. (Doc. #86.)

**A. Exhaustion of Administrative Remedies**

Defendant argues that he fully exhausted his administrative remedies. The government responds that defendant submitted a request for early release on February 8, 2024, and the request was denied by the Warden on February 8, 2024, but with instructions to appeal. (Doc. #95-2.) The Bureau of Prisons confirmed that defendant did not appeal.

"The authority of a district court to modify an imprisonment sentence is narrowly limited by statute." United States v. Phillips, 597 F.3d 1190, 1194-95 (11th Cir. 2010).

> [T]he court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights **to appeal** a failure of the Bureau of Prisons to bring a motion on the defendant's behalf **or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility**, whichever is earlier, may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent they are applicable, if it finds that [ ] extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A)(i) (emphasis added). Defendant did not appeal the administrative decision and more than 30 days have since elapsed.

Although defendant did not fully exhaust his administrative remedies with the Bureau of Prisons, the Court will alternatively consider whether he otherwise presents a basis for relief.

**B. Extraordinary Circumstances**

In the request to the BOP, defendant sought a reduction based on his mother's health. Although not the primary basis for the motion, defendant does argue that he is the financial provider for his mother who lives in Orlando, and she has a brain aneurysm. The government argues that defendant has failed to provide documentation that his mother is incapacitated.

"[A] district court cannot grant a motion for reduction if it would be inconsistent with the Commission's policy statement defining 'extraordinary and compelling reasons.' 18 U.S.C. § 3582(c)(1)(A)." United States v. Bryant, 996 F.3d 1243, 1249 (11th Cir. 2021). "[C]ourts do not have discretion to grant a motion for compassionate release based on an extraordinary and compelling reason that is not contemplated by the policy statement." United States v. Moss, No. 21-12608, 2022 WL 4545167, at *4 (11th Cir. Sept. 29, 2022) (citing Bryant, 996 F.3d at 1248). The "applicable policy statements issued by the Sentencing Commission" are found in Section 1B1.13 of the U.S. Sentencing

Guidelines Manual, and further require a finding that defendant is "not a danger to the safety of any other person or the community." U.S.S.G. § 1B1.13(a)(2). Section 1B1.13(b) provides that "extraordinary and compelling reasons exist" when: (1) the terminal or serious medical condition of defendant diminishes the ability to provide self-care or requires long-term specialized care; (2) defendant is at least 65 years old with serious deterioration; (3) family circumstances, including incapacitation of a defendant's minor child, spouse or partner, or a parent; (4) defendant was a victim of abuse while in custody; (5) another reason; or (6) defendant received an unusually long sentence and has served at least 10 years imprisonment. U.S.S.G. § 1B1.13(b).

If there are such "extraordinary and compelling reasons" for compassionate release, the district court has the discretion to reduce the defendant's term of imprisonment after considering the applicable Section 3553(a) factors. United States v. Monaco, 832 F. App'x 626, 629 (11th Cir. 2020). "[I]f the district court finds that no extraordinary and compelling reason exists, then it cannot reduce the inmate's sentence—even if the § 3553(a) factors favor doing so.". United States v. Giron, 15 F.4th 1343, 1348 (11th Cir. 2021).

In this case, defendant's claimed extraordinary circumstance is the "incapacitation of the defendant's parent when the defendant would be the only available caregiver for the parent." U.S.S.G.

§ 1B1.13(b)(3)(C). While caring for an aging parent can be a basis for defendant's compassionate release, defendant has not established that he is the only available caregiver, only that he was the financial provider before he was incarcerated more than ten years ago. (Doc. #94, p. 5.) Defendant has not established a factual basis to support a claim of 'extraordinary and compelling reasons' for a reduction, so the motion must be denied even if defendant has exhausted his administrative remedies.

### C. First Step Act

Defendant also argues that the prior convictions used to enhance his sentence involved convictions with sentences below 12 months imprisonment, and therefore he should not have been qualified for an enhancement under the Armed Career Criminal Act (ACCA). Because of this, defendant seeks relief under the First Step Act.

The First Step Act became effective on December 21, 2018. Section 401 of the First Step Act changed the mandatory penalties for repeat offenders and modified the types of offenses that trigger the penalties in the Controlled Substances Act. "Specifically, while § 841(b)(1)(A) previously stated that a prior conviction for a 'felony drug offense' would trigger mandatory penalties, First Step Act § 401(a) changed the prior-conviction requirement to a 'serious drug felony or serious violent felony.'" United States v. Pubien, 805 F. App'x 727, 730 (11th Cir. 2020).

Compare "[i]f any person commits such a violation after a prior conviction for a felony drug offense has become final, such person shall be sentenced to a term of imprisonment which may not be less than 20 years and not more than life imprisonment" 21 U.S.C. § 841(b)(1) (Eff. to Dec. 20, 2018) with "[i]f any person commits such a violation after a prior conviction for a serious drug felony or serious violent felony has become final, such person shall be sentenced to a term of imprisonment of not less than 15 years and not more than life imprisonment." 21 U.S.C. § 841(b)(1)(A).

Section 401 "replaced the term 'felony drug offense' with the term "serious drug felony" in the [Controlled Substances Act] and left untouched the definitions of the ACCA's predicate offenses." United States v. Wims, 836 F. App'x 793, 796 (11th Cir. 2020); United States v. Smith, 798 F. App'x 473, 476 (11th Cir. 2020) ("Nothing indicates that Congress intended to replace the ACCA's separately defined term.")  "The ACCA provides for sentence enhancements for certain felons who are in unlawful possession of a firearm. Under the ACCA, a defendant convicted of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1), faces a mandatory minimum 15-year sentence if he has three or more prior convictions for a "violent felony" and/or "serious drug offense." See 18 U.S.C. § 924(e)(1). Those offenses, commonly referred to as predicate offenses, are defined in 18 U.S.C. § 924(e)(2)." Wims, at 795. A "serious drug offense" is an offense

under the Controlled Substances Act or an offense under State law involving the manufacturing, distributing, or possession with intent to manufacture or distribute a controlled substance, both of which have a maximum term of imprisonment of 10 years or more. 18 U.S.C. § 924(e)(2).

Because there was no change of law applicable to defendant, retroactive or otherwise, the motion for reduction based on Section 401 must also be denied.

### D. Any Other Basis

The Court finds no other basis for a reduction in sentence. Any argument as to 'actual innocence' of the underlying offenses used for enhancement or a collateral attack on defendant's sentence is exclusively by filing a 28 U.S.C. § 2255 motion. United States v. Handlon, 97 F.4th 829, 834 n.2 (11th Cir. 2024).

Accordingly, it is hereby

**ORDERED:**

Defendant's Motion to Reduce Sentence Pursuant to 18 U.S.C. 3582(c)(1)(A)(i) (Doc. #94) is **DENIED**.

**DONE and ORDERED** at Fort Myers, Florida, this ___13th___ day of June 2024.

JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies: Parties of Record